IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,711-05






EX PARTE JOHN AVALOS ALBA









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 219-81215-91
IN THE 199TH JUDICIAL DISTRICT COURT

COLLIN COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a
stay of execution.

 In May 1992, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Alba v. State, 905
S.W.2d 581 (Tex. Crim. App. 1995). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on April 8, 1997. This Court
denied applicant relief. Ex parte Alba, No. WR-36,711-01 (Tex Crim. App. Apr. 15,
1998)(not designated for publication). Applicant's sentence was later vacated by the
United States Court of Appeals for the Fifth Circuit. Alba v. Johnson, 232 F.3d 308 (5th
Cir. 2000). 

 At the conclusion of applicant's second trial on punishment, applicant was again
sentenced to death. On appeal, this Court affirmed the judgment. Alba v. State, No. AP-71,487 (Tex. Crim. App. Apr. 16, 2003)(not designated for publication). On February 14,
2003, applicant filed in the convicting court his initial application for writ of habeas
corpus pertaining to his new punishment trial. This Court denied applicant relief. Ex
parte Alba, No. WR-36,711-02 (Tex. Crim. App. Oct. 15, 2003)(not designated for
publication). On July 24, 2006, we received applicant's first subsequent writ application
in which he asserted that the execution protocol used in Texas would violate his Eighth
Amendment right prohibiting the infliction of cruel and unusual punishment. We filed
and set the case but ultimately dismissed it holding that such a claim was not cognizable 
under Article 11.071. Ex parte Alba, 256 S.W.3d 682 (Tex. Crim. App. 2008).

 On July 14, 2008, applicant moved this Court for leave to file an original
application for writ of habeas corpus, again attacking the constitutionality of the
execution protocol used in Texas. This Court denied applicant leave to file. Ex parte
Alba, No. WR-36,711-04 (Tex. Crim. App. Sept. 24, 2008)(not designated for
publication). Applicant filed this, his second subsequent application in the convicting
court on May 24, 2010. 

 Applicant presents three allegations in his application. We have reviewed the
application and find that applicant's claims fail to meet the dictates of Article 11.071, § 5. 
Accordingly, we dismiss his application and deny his motion to stay his execution.

 IT IS SO ORDERED THIS THE 24th DAY OF MAY, 2010.


Do not publish